Bartlett, J.
—This action was brought to compel the specific performance of a covenant to renew a lease. The original lessee is dead, and the plaintiff derived title to the lease containing the covenant of renewal by assignment from his executrix. The plaintiff proved a substantial compliance with the conditions on which a renewal was to be granted. The lease provided that “two monthly notices should be given to the effect that a renewal was desired. But one notice was given, and that about three months before the expiration of the lease.
The defendant .insists that two notices were essential We do not think so. It is altogether probable that the phrase, “ two monthly notices,” was mistakingly used instead of “two months’ notice,” as it is difficult to perceive what could be the purpose of requiring two notices to be served at the same time a month before the lease expired. But in any event, the fact which is apparent from the whole record, that the defendant did not mean to renew the lease on the same terms under any circumstances, irrespective of the question of notice, renders this objection immaterial.
*358 The defense mainly relied upon was the averndent that the defendant had been induced to execute the lease by false representations on the part of the original lessee, and by his assurance that in the event of his death the lease would terminate.
The sole witness called in support of this defense was the defendant herself. She could establish it only by testifying to personal transactions or communications with her deceased lessee, from whose executrix the plaintiff derived the_ interest in the lease which enabled him to prosecute the action. Such testimomy is forbidden by section 829 of the Code of Civil Pi'ocedure, and the trial judge properly excluded all questions coming within the prohibition of that section. This left the defense without any evidence to sustain it, and the plaintiff was entitled to judgment.
This judgment should be affirmed, with costs.
Brady and Daniels, JJ., concur.